# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-2226V

| | |
|---|---|
| EZRA ZAKOO,<br><br>                    Petitioner,<br>v.<br><br> SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br><br>Filed: June 29, 2023 |

*Jessica A. Olins, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.*

*Jennifer A. Shah, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On November 30, 2021, Ezra Zakoo filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that following receipt of an influenza ("flu") vaccine on September 28, 2019, and a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine on October 2, 2019, he developed Guillain-Barré syndrome ("GBS") within the timeframe set forth in the Vaccine Injury Table, 42 C.F.R. § 100.3. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 18, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On June 29, 2023, Respondent filed a proffer on award of compensation ("Proffer"). Respondent represented that Petitioner agrees with the

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

**Pursuant to the terms stated in the attached Proffer, I award Petitioner a lump sum payment of $157,264.04 (representing $150,000.00 for pain and suffering, and $7,264.04 for unreimbursable medical expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

EZRA ZAKOO,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 21-2226V
Chief Special Master Corcoran
SPU

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On November 30, 2021, Petitioner Ezra Zakoo ("petitioner") filed a petition for

compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C.

§§ 300aa-1 to –34, as amended ("Vaccine Act" or "Act").  Petitioner alleges that he suffered

Guillain-Barré Syndrome ("GBS") as a result of an influenza vaccination administered on

September 28, 2019, and a Tdap vaccination administered on October 2, 2019.  Petition at 1-2, 4.

On October 16, 2022, respondent filed his Vaccine Rule 4(c) report, recommending that

compensation be awarded.  ECF No. 24.  On October 18, 2022, this Court issued a Ruling on

Entitlement finding petitioner entitled to compensation.  ECF No. 26.  Specifically, based on

respondent's recommendation, the Court found petitioner entitled to compensation for GBS and

related sequelae that he sustained following the administration of an influenza ("flu") vaccination

on September 28, 2019, and that petitioner's claim satisfies the requirements necessary to qualify

as a Table injury set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids

to Interpretation ("QAI"), which afford petitioner a presumption of causation if the onset of GBS

occurs between three and forty-two days after a seasonal flu vaccination and there is no apparent alternative cause.  Respondent now proffers that petitioner receive an award as follows:

## I.       **Items of Compensation**

Respondent proffers that petitioner should be awarded **$157,264.04**, consisting of $150,000.00 for pain and suffering and $7,264.04 for non-reimbursable medical expenses.  This represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.      **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]:  a lump sum payment of **$157,264.04**, representing compensation for all elements of economic and noneconomic damages, in the form of a check payable to petitioner, Ezra Zakoo.

## III.     **Summary of Recommended Payment Following Judgment**

Lump sum payable to petitioner, Ezra Zakoo:                **$157,264.04.**

Respectfully submitted,

BRIAN BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

*s/ Jennifer A. Shah*
Jennifer A. Shah
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel:  (202) 305-2181
Jennifer.shah@usdoj.gov

Dated:  June 29, 2023

3